IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00548-GCM
(3:96-cr-00123-GCM-1)

| | |
|---|---|
| MICHAEL EDWARD JONES, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence which is filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's Motion to Vacate will be dismissed.

I. BACKGROUND

On January 29, 1997, Petitioner was convicted following a jury trial on one count of conspiracy to possess with intent to distribute, and the distribution of cocaine, and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One); one count of possession of a firearm during and in relation to a drug trafficking crime and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Two); one count of possession with intent to distribute cocaine base, and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Three); and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Seven). (3:96-cr-00123, Doc. No. 132: Jury Verdict).

In Petitioner's presentence report (PSR), the probation officer grouped Counts One and Three pursuant to § 3D1.2(d) of the U.S. Sentencing Guidelines Manual (USSG)(1995). Next, the officer applied the murder cross-reference under USSG § 2D1.1(d)(1) because Petitioner was

1

found responsible for the murder of a drug dealer, Herbert Hall, during a robbery in which Petitioner and others robbed Hall of crack cocaine. (Id., Doc. No. 254: PSR ¶¶ 17-29). See USSG § 2A1.1 (providing base offense level of 43 in cases of first-degree murder).[1] A four-level increase was applied because Petitioner was an organizer or leader in the drug conspiracy charged in Count One, yielding an adjusted offense level of 43.[2] The probation officer also concluded that Petitioner qualified as a career offender under USSG § 4B1.1 based on North Carolina state convictions for possession with intent to sell and deliver cocaine, and common law robbery. (Id. ¶¶ 55, 59-60). Petitioner's Guidelines range was life imprisonment on Counts One, Three and Seven based on a Level VI criminal history category, and a total offense level of 43. Petitioner faced a mandatory, consecutive term of five years' imprisonment for conviction on Count Two. (Id. ¶ 87).

On May 28, 1997, Petitioner appeared for his sentencing hearing before the Honorable Charles H. Haden. The Court overruled Petitioner's objection to the application of the murder cross-reference and concluded that Petitioner qualified for a Level VI criminal history category as a career offender and that Petitioner's total offense level of 43 was correct. Petitioner was sentenced to a term of life imprisonment on Count One; 480 months on Count Three; 120 months on Count Seven, and a mandatory, consecutive term of 5-years' imprisonment on Count Two. (Id., Doc. No. 162: Judgment). Petitioner's convictions and sentence were affirmed on appeal. See United States v. Mitchell, 131 F.3d 137 (4th Cir. 1997), cert. denied, 523 U.S. 1049

---

[1] Petitioner objected to the application of the first-degree murder cross-reference arguing that the murder was not premeditated. The probation officer responded that the cross-reference should apply because the murder occurred during the course of a robbery pursuant to 18 U.S.C. § 1111(a) (defining first-degree murder). (Id. at 22).

[2] The combined adjusted offense level was 47 which of course exceeds the maximum offense level of the Guidelines.

(1998).³ After his judgment became final, Petitioner filed a § 2255 motion to vacate which the Court dismissed as untimely. Petitioner did not appeal. (3:01-cv-00378-RLV, Doc. No. 3: Order, filed July 23, 2001).

On or about July 6, 2016, Petitioner filed a motion with the Fourth Circuit seeking authorization to file a successive § 2255 petition. In his motion, Petitioner argued that he was entitled to relief from his sentence based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was void for vagueness and therefore unconstitutional.⁴ On July 14, 2016, the Fourth Circuit granted Petitioner's motion clearing the way for Petitioner to pursue a second § 2255 motion to vacate before this Court. In re: Michael Edward Jones, No. 16-9948 (4th Cir. 2016). (3:16-cv-00548-GCM, Doc. No. 1-1).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in pertinent

---

³ Petitioner's co-defendant, Winsome Mitchell, was named lead appellant in a consolidated appeal.
⁴ In Welch v. United States, the Supreme Court ruled that the holding in Johnson applies retroactively to cases on collateral review. 136 S. Ct. 1257 (2016).

part, as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner contends that his § 2255 motion is timely under § 2255(f)(3) because it was filed within one year from the date the Supreme Court filed its opinion in Johnson v. United States, which was on June 26, 2016. (3:16-cv-00548, Doc. No. 2 at 10). However, it does not appear that Petitioner even applied for authorization to file the present § 2255 motion to vacate until early July, and the Fourth Circuit marked his motion for authorization as received on July 6, 2016. Therefore, it appears that Petitioner's § 2255 motion to vacate should be dismissed as untimely because it was not filed within one year from the date the Johnson opinion was filed.[5]

---

[5] In order to establish a case for equitable tolling of the one year statute of limitation, a petitioner must demonstrate that he has been (1) diligently pursuing his rights and (2) that there was an "extraordinary circumstance" which prevented a timely filing of a habeas petition. See Holland v. Florida, 560 U.S. 631, 655 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Because it appears that Petitioner did not even apply to file a successive 2255 until after the one year time frame expired, he has failed to demonstrate a right to suspend the one year limitation.

Petitioner's § 2255 motion can also be dismissed for another reason. Petitioner contends that he was erroneously sentenced as a career offender because his common law robbery conviction no longer qualifies as a predicate offense under USSG § 4B1.1 because it is not a "crime of violence." (Id., Doc. No. 2 at 4; Doc. No. 2-1).[6]

As detailed in Petitioner's PSR, he qualified for a total offense level of 37 as a career offender under USSG § 4B1.1, and with his criminal history category of VI, his Guidelines range was 360 months to life. (PSR ¶ 55). However, without the career offender designation, Petitioner would have had a criminal history category of IV based on six (9) criminal history points, and with the total offense level of 43 based on his convictions and offense conduct, Petitioner would still have faced a Guideline range of life imprisonment. (PSR ¶¶ 61-64). In other words, Petitioner's designation as a career offender did not change his Guideline range. See Foote, 784 F.3d at 938 (noting mandatory nature of Guidelines changed in 2005) (citing United States v.

---

[6] Under the ACCA, a defendant that is convicted of an offense under 18 U.S.C. § 922(g) faces a sentence of no less than 15 years nor more than life imprisonment if he has three qualifying convictions for either a "violent felony" or a "serious drug offense," and those convictions are "committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

The ACCA defines a violent felony as follows: "any crime punishable by imprisonment for a term exceeding one year ... that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*"

18 U.S.C. § 924(e)(2)(B)(i)(ii). See Johnson, 135 S. Ct. at 2556 ("The closing words of this definition, italicized above, have come to be known as the Act's residual clause.").

The Fourth Circuit observed that the "term 'crime of violence,' and its cousin, the term 'violent felony' are defined in various statutory provisions, including § 924(c), and in the Sentencing Guidelines, including section 4B1.2. In light of the striking similarities among those definitions, the court decisions interpreting one such definition are persuasive as to the meaning of the others." United States v. McNeal, 818 F.3d 141, 153 n.9 (4th Cir. 2016) (citing United States v. Williams, 67 F.3d 527, 528 (4th Cir. 1995)).

5

Booker, 543 U.S. 220 (2005).

Finally, the Fourth Circuit has held that errors in the calculation of a Guideline range of this sort do not represent a "fundamental defect" or a "miscarriage of justice" that would entitle a petitioner to collateral relief from his sentence. See United States v. Foote, 784 F.3d 931, 940-44 (4th Cir.), cert. denied, (2015) (citing, among other authority, United States v. Mikaljunas, 186 F.3d 490, 495 (4th Cir. 1999); United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999)).

IV.     CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 motion to vacate should be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this case.

**SO ORDERED**.

Signed: September 19, 2016

Graham C. Mullen
United States District Judge